UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMY DURANT,

        Plaintiff,

v.                                         Case No. 10-C-650

WILLIAM O. MARQUIS,

        Defendant.

**ORDER**

The plaintiff, Jimmy Durant ("Plaintiff"), who is incarcerated at the Federal Correctional Institution in Lisbon, Ohio, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by his former criminal defense attorney. On August 27, 2010, this Court granted Plaintiff's request to proceed *in forma pauperis* and ordered Plaintiff to pay an initial filing fee of $31.59. (Dkt. 7.) On September 13, 2010 Plaintiff paid the proper initial filing fee under 28 U.S.C. § 1915(a)(2). This matter now comes before the court for screening of the Plaintiff's complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir.1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington,* 362 F.3d 969, 970-71 (7th Cir.2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Plaintiff levels his § 1983 claims at his former defense attorney, William O. Marquis. Plaintiff alleges that the attorney (1) did not file motions as requested; (2) failed to provide Plaintiff

with governmental reports; (3) appeared to work in concert with the government; (4) cancelled a debriefing meeting with Plaintiff; (5) told Plaintiff that he had to accept the government's proposal "as is" or go to trial; (6) made racial remarks to Plaintiff's sister; and (7) failed to challenge Plaintiff's forfeiture of $41,000 . (Plaintiff's Complaint at 2-4.)

As legal authority, Plaintiff cites rules of professional conduct from the American Bar Association, Wisconsin statutes, and several cases. He requests a total of $35,000 in nominal, punitive, and compensatory damages. Plaintiff also seeks the return of half of the fees he paid to his attorney. (Plaintiff's Complaint at 9.)

Criminal defense attorneys cannot be sued under 42 U.S.C. § 1983 because they do not qualify as a "state actor." *Polk County v. Dodson,* 454 U.S. 312, 318 (1981). Even an appointed public defender does not act under color of state law. *Id.* Here, according to the complaint, "Attorney Marquis was retained [by Plaintiff] to represent [P]laintiff in criminal proceedings." (Plaintiff's Complaint at 2.) Thus there is no question that Attorney Marquis was not acting under the color of law in his representation of, and later dealings with, Plaintiff. As a result, Plaintiff's claim under § 1983 fails. Even if Attorney Marquis was a state actor, Plaintiff's § 1983 claim still must be dismissed in light of *Heck v. Humphrey,* 512 U.S. 477 (1994), because a § 1983 judgment in favor of Plaintiff would necessarily imply the invalidity of his underlying conviction or sentence.

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Federal Correctional Institution where Plaintiff is confined, or his designee, shall collect from the plaintiff's prison trust account the $318.41 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   14th   day of September, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge